BLANCHE O'BRIEN AND ROBERT C. ROEBLING, EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF KARL G. ROEBLING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENTS.

Docket No. 25747. Promulgated July 6, 1928.

*J. D. Cushman, Esq.*, for the petitioners.
*James A. O'Callaghan, Esq.*, for the respondent.

### OPINION.

LITTLETON: The Commissioner determined a deficiency in income tax of $2,762.11 for the year 1922 and $1,146.45 for the calendar year 1923. The facts are stipulated and show that Blanche O'Brien and Robert C. Roebling are the duly qualified and acting executors under

the last will and testament of Karl G. Roebling, deceased, who died at Spring Lake, N. J., May 29, 1921.

The Commissioner's notice was mailed within the statutory period of limitation and the petition was filed with the Board within 60 days thereafter.

During the year 1922 the executors paid to the State of New Jersey $40,000, representing inheritance taxes upon the estate of Karl G. Roebling. This amount was claimed as a deduction by the executors in the income-tax return of the estate for the year 1922. The Commissioner disallowed the deduction upon the ground that this item was not deductible from gross income of the estate but was a charge against the beneficiaries or transferees under the laws of the State of New Jersey and should therefore be deducted by the beneficiaries or transferees from their income.

The net income for the year 1923 of $200,214.18, as shown in Commissioner's deficiency notice, includes a sum of $31,116.51, profit realized on the sale of securities in the year 1922 by the executors of the estate, taking as a basis for determining such profit the difference between the sales price of the securities and their market price or value at the date of death of the decedent on May 29, 1921. If the basis to be used is the difference between the sales price of the securities and their cost to the decedent, there was a loss of $25,785.66 sustained by the estate upon the sale. If the latter basis be used the net income of $200,214.18 shown in the deficiency notice should be reduced in the amount of $56,902.17, being the sum of $31,116.51, profit already included in the above net income, and the $25,785.66, loss based upon the cost of the securities to the decedent.

By clause 14 of the last will and testament of the decedent he directed the inheritance taxes be paid by his executors out of the residue of his estate and that such payment should be treated as a part of the general expense of administration of the estate  The estate employed the cash receipts and disbursements method of accounting and the income-tax returns were made upon that basis.

The question of the deductibility of $40,000 inheritance tax paid to the State of New Jersey has heretofore been considered by the Board, wherein the Board held that such taxes were a proper deduction from the gross income of the estate. *Blanche O'Brien et al., Executors*, 10 B. T. A. 682.

The second issue has also been considered by the Board wherein it was held that the basis to be used in the determination of gain or loss upon the sale of property by executors is the fair market price or value of such property at the date of death of the decedent. *Dorothy Payne Whitney Straight*, 7 B. T. A. 177.

*Judgment will be entered under Rule 50.*